UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALINA TITOVA (A-220-759-941),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-01583 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Galina Titova (A-220-759-941), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that her detention violates her due process rights under the Fifth Amendment where there is no significant likelihood of removal in the reasonably foreseeable future (claim one), challenges her removal to a third country (claims two and three), and her detention violates due process, 8 C.F.R. § 241.13, and the Administrative Procedure Act ("APA") (claim four). (See id.) On March 5, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner released under the same conditions prior to her September 2025 detention. (ECF No. 13.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On February 25, 2026, petitioner filed a habeas petition, a motion to expedite consideration, and a motion for a temporary restraining order. (ECF Nos. 1, 3, 4.) On February 25, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders identified,or other similar cases decided by the district court. (ECF No. 7.) On February 27, 2026, respondents filed an opposition to the motion for a temporary restraining order and indicated they were amenable to converting the motion into a motion for a preliminary injunction. (ECF No. 8.) In the opposition, respondents argued that petitioner was lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) where petitioner is subject to a final removal order. (Id.) Respondents alternatively argue that petitioner is detained pursuant to § 1226(c)(1)(E). (Id. at 5-6.) On March 2, 2026, the district court noted conflicting factual assertions in respondents' opposition, and ordered respondents to file a supplemental brief addressing any appeal pending in petitioner's immigration proceedings and to address "relevant

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 13.)

detention authority in consideration of Avilez v. Garland, 69 F.4th 525, 530-531 (9th Cir. 2023), in which the court explained that 8 U.S.C. § 1231(a) applies to detention after the entry of a final order of removal while 8 U.S.C. § 1226(a) and (c) apply to detention during the pendency of administrative and judicial removal proceedings." (ECF No. 10.) On March 3, 2026, respondents filed their supplemental brief clarifying errors in their opposition, including that petitioner has a pending appeal of the immigration judge's denial of her motion to reopen not her removal order, and continuing to argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6), or alternatively, pursuant to § 1226(c)(1)(E). (ECF No. 11.)

On March 5, 2026, the district court found that petitioner was detained pursuant to 8 U.S.C. § 1231 given that she is subject to a final removal order. (ECF No. 13.) The district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (Id.) The district court reasoned:

> The court finds analogous and persuasive its prior analysis in Uzzhina v. Chestnut, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3-4 (E.D. Cal. Dec. 2, 2025), where the court found that Immigration and Customs Enforcement ("ICE") has a duty to follow its own regulations and that failure to do so may result in a due process violation, and incorporates that analysis herein. The evidence before the court indicates that petitioner was not afforded an informal interview at which she would have had the opportunity to respond to the reasons for her release revocation, as required by 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i). In this regard, the court finds that petitioner is likely to succeed on the merits of her claim that her continued detention violates due process because ICE has failed to provide her with any opportunity to contest the reason for her detention for over five months.

(ECF No. 13.) In addition to granting petitioner's immediate release "on the same conditions she was subject to immediately prior to her 9/26/2025 detention" and enjoined and restrained respondents "from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention." (Id.) The district court referred this action to the assigned magistrate judge for

further proceedings. (Id.) Petitioner was released from ICE custody on March 6, 2026. (ECF No. 15.)

The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 14.) The parties did not submit any additional briefing, and briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner is detained pursuant to 8 U.S.C. § 1231(a), and was not afforded an informal interview at which she would have had the opportunity to respond to the reasons for the revocation of her release, as required by 8 C.F.R. § 241.13(i) and 8 C.F.R. § 241.4(l), and in violation of due process (claim four). See 8 C.F.R. § 241.13(i); 8 C.F.R. § 241.4(l); Uzzhina, 2025 WL 3458787, at *3-4; Truong v. Noem, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 6, 2025) ("Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered.") (collecting cases); ECF No. 13.

Because the resolution of the fourth claim provide the relief requested, the Court need not reach the remaining claims (claims one, two, and three). See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025).

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Galina Titova (A-220-759-941) absent compliance with constitutional protections, which include, at a minimum, providing petitioner notice and compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/tito.1583.26.frs